Martin J. Feinberg
Olshan Grundman Frome Rosenzweig & Wolosky, LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10002
Telephone: (212) 451-2387
Facsimile: (212) 451-2222

OF COUNSEL
Kevin C. Parks
Nimita L. Parekh
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE SWAIN

11 CV 1152

| | |
|---|---|
| JUICY COUTURE, INC. (a California Corporation) | ) ) ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) ) ) |
| JESUS JUICE COATURE, LLC, (a New York Limited Liability Company) | ) ) ) ) |
| Defendant. | ) ) |

Civil Action No. _____

COMPLAINT

**JURY TRIAL DEMANDED**

RECEIVED
FEB 18 2011
U.S.D.C. S.D. N.Y.

Plaintiff, Juicy Couture, Inc., by and through its attorneys, Olshan Grundman Frome

Rosenzweig & Wolosky, LLP and Leydig, Void & Mayer, Ltd., alleges on knowledge as to its

own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, false designation of origin and unfair competition in violation of the laws of the United States and the State of New York. Plaintiff seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2.      Count I herein arises under the laws of the United States prohibiting infringement of federally registered trademarks, specifically the Lanham Act, 15 U.S.C. § 1114.  Count II is for false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Count III arises under New York common law prohibiting trademark infringement and unfair competition.

3.      This Court has original jurisdiction over the subject matter of this action based on 15 U.S.C. § 1121, 28 U.S.C. §1331, § 1332, § 1338(a), as federal questions are presented, the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has jurisdiction over the state law claims asserted in Counts III herein under 28 U.S.C. § 1367 and § 1338(b).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c), as the Defendant conducts business within this district, and the acts giving rise to the asserted claims were committed within this district.

## THE PARTIES

5.      Plaintiff, Juicy Couture, Inc. ("Juicy Couture" or "JC") is a California corporation with offices at 12720 Wentworth Street, Pacoima, California 91331.

6.      On information and belief, defendant Jesus Juice Coature, LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of New York with a

2

place of business within this judicial district at 16 Penn Plaza, Suite 553, New York, New York 10001.

## BACKGROUND

### Plaintiff's Business and JUICY COUTURE Trademark

7.     The company now known as Juicy Couture, Inc. was founded in 1989 by Gela Nash Taylor and Pamela Skeist Levy.  It began as a home-based business, which has grown steadily over time and now has products sold in over 30,000 retail establishments across the country and worldwide, including its own JUICY COUTURE retail store locations.  JC's products are currently sold in various retail locations within this judicial district.  In or about 1997, JC adopted the trademark "JUICY COUTURE" (the "JUICY COUTURE Mark") to brand its line of fashion apparel.  The brand was extremely well received and became a fashion sensation among the buying public: since that time, the JUICY COUTURE Mark has been used continuously in connection with a growing line of fashion apparel and accessories, and related products and services.

8.     Over the years, and since prior to the acts of Defendant alleged herein, JC has used the JUICY COUTURE Mark (including the acronym "JC") in connection with a broad range of products and services, including fashion apparel and outerwear, accessories, footwear, handbags and leather goods, cosmetics and fragrances, and the retail and online sale of these items throughout the United States, including within this district.

9.     JC owns all right, title and interest in and to the following federal registrations for the JUICY COUTURE Mark, which are valid and subsisting and in full force and effect:

| Mark | Registration Number | Registration Date |
| --- | --- | --- |
| JUICY COUTURE | 2,348,674 | May 9, 2000 |

3

1211360-1

| | | |
|---|---|---|
| JUICY COUTURE | 2,882,279 | September 7, 2004 |
| JUICY COUTURE | 2,978,046 | July 26, 2005 |
| JUICY COUTURE | 3,146,100 | September 19, 2006 |

These registrations, copies of which are attached hereto as Exhibit 1, provide prima facie

evidence of the validity of the registered mark and of the registration of the mark, of JC's

ownership of the mark, and of JC's exclusive right to use it in connection with the specified

goods and services.  Registration Nos. 2,348, 674; 2,882,279 and 2,978,046 are incontestable

under the provisions of 15 U.S.C. § 1065, and are conclusive evidence of the validity of the

registered mark and of the registration of the mark, of JC's ownership of the mark, and of JC's

exclusive right to use the registered mark in commerce in connection with the specified goods

and services.

10.    JC has invested heavily in creating, maintaining and promoting the goodwill

associated with the JUICY COUTURE Mark.  Over the years, JC has spent hundreds of millions

of dollars advertising and promoting the products offered in connection with the JUICY

COUTURE Mark throughout the United States in a variety of media.

11.    In addition to traditional advertising, JC's products bearing the JUICY

COUTURE Mark have also been used and promoted by Hollywood celebrities, such as Jessica

Biel, Eva Mendez, Gerard Butler, Eric Bana, Terrance Howard, Adrien Brody, Ashton Kutcher,

Madonna, Gwyneth Paltrow, Brad Pitt, Kate Moss, Ben Affleck, Sarah Jessica Parker, Cameron

Diaz, Jessica Alba, Miley Cyrus, Colin Farrell, Halle Berry, Demi Moore, Reese Witherspoon,

Drew Barrymore and Courtney Cox Arquette, among many others.  JC has also benefitted from

4

publicity derived from actors wearing its products in popular television programs and motion pictures, such as *Will and Grace*, *The Gilmore Girls*, *The OC*, *Friends*, *Sex and the City*, *Six Feet Under*, *Charlie's Angels Full Throttle*, *Kill Bill Volume 2*, *Legally Blonde 2 Red White & Blonde*, and *Anger Management*. And JC's Products have appeared in a wide variety of high-profile publications such as Elle, Glamour, InStyle, Vogue, W, NY Times, NY Post, LA Times, LA Magazine and the Boston Globe, among many others.

12.    JC's Products bearing the JUICY COUTURE Mark have been sold throughout the United States at over 800 specialty stores and over 280 department stores including Barney's, Bloomingdale's, Bergdorf Goodman, Neiman Marcus, Saks Fifth Avenue and Henri Bendel, in addition to JC's owned, free standing JUICY COUTURE stores, and online at www.juicycouture.com, among others. Products bearing the JUICY COUTURE Mark have generated billions of dollars in sales over the years; during fiscal 2009 such sales were nearly $540 million.

13.    As a result of JC's extensive sales, advertising and promotional efforts, and its dedication to providing goods and services of the highest quality, the JUICY COUTURE Mark has earned a very valuable goodwill and are favorably recognized and relied upon by the relevant trade and consuming public as indicating high quality products and services originating from a single source — Juicy Couture. The JUICY COUTURE mark has become a strong and distinctive brand, entitled to broad protection against unfair and infringing uses.

### Defendant's Business and Infringing Acts

14.    In March 2009, Defendant was organized as "Jesus Juice Coature, LLC" under the laws of the State of New York. Defendant promotes its business as an "upscale urban outerwear company." On information and belief, prior to the organization of the Defendant, its

5

principal, Shawn White, had actual knowledge of Plaintiff and Plaintiff's use of the JUICY COUTURE Mark.

15.     Defendant advertises, distributes and sells outerwear products using the name and trademark "JESUS JUICE COATURE" (including the acronym "JJC") (together "Defendant's Mark"). On information and belief, the word "COATURE" in Defendant's Mark is a deliberate misspelling of and play on the word "Couture."

16.     Defendant maintains and operates a website located at www.jesusjuicecoature.com, through which it promotes its products using Defendant's Mark. On information and belief, Defendant also promotes its products using Defendant's Mark through social networking sites, such as Facebook, http://www.facebook.com/S.WhitefromJJC and http://www.facebook.com/S.WhitefromJCC#!/group.php?gid=59271098102, Twitter, http://twitter.com/JJC_now, and MySpace, http://www.myspace.com/jesusjuicecoature, as well through an online blog located at http://jesusjuicecoature.blogspot.com.

17.     On information and belief, Defendant sells products using Defendant's Mark to customers in various states, including in New York and in this judicial district.

18.     Defendant's use of Defendant's Mark is likely to cause confusion of the relevant public, by creating the false impression that Defendant's products are Plaintiff's, or are approved or endorsed by, connected to, or otherwise affiliated with Plaintiff.

19.     Despite Plaintiff's requests, Defendant has refused to cease using Defendant's Mark.

6

## COUNT I

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT, 15 U.S.C. § 1114(a)

20.    JC repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 19 inclusive.

21.    Defendant's acts complained of herein infringe JC's registered trademarks, as they are likely to lead the relevant trade and public to associate Defendant's products with JC's business, products and services, and are likely to cause confusion, or to cause mistake, or to deceive, within the meaning of 15 U.S.C. § 1114(a).

22.    Defendant's acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up by JC in its registered trademarks, or otherwise injuring JC.

23.    Defendant's acts complained of herein jeopardize the entire goodwill symbolized by JC's registered marks, causing serious and irreparable injury to JC for which it has no adequate remedy at law.

## COUNT II

### FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)

24.    JC repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 23 inclusive.

25.    Defendant's acts complained of herein infringe JC's rights in the JUICY COUTURE Mark, as they are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's products with JC, or as to the origin, sponsorship or approval of Defendant's products, services or commercial activity in violation of JC's rights, within the meaning of 15 U.S.C. § 1125(a).

7

1211360-1

26.     Defendant's acts complained of herein are willful and done with the intention of trading upon the valuable goodwill built up in the JUICY COUTURE Mark, or otherwise injuring JC.

27.     Defendant's acts complained of herein jeopardize the entire goodwill symbolized by the JUICY COUTURE Mark, causing serious and irreparable injury to JC for which it has no adequate remedy at law.

## COUNT III

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

28.     JC repeats and realleges as if fully set forth herein the allegations of paragraphs 1 through 27 inclusive.

29.     Defendant's acts complained of herein constitute trademark infringement and unfair competition in violation of the common law of New York, as they are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's products with JC's, or as to the origin, sponsorship or approval of Defendant's products, services or commercial activity in violation of JC's rights.

30.     Defendant has willfully engaged in acts of trademark infringement and unfair competition.

31.     Defendant's acts of trademark infringement and unfair competition have caused, and if not restrained by this Court, will continue to cause JC serious and irreparable injury for which JC has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

1211360-1

A.      For an injunction restraining Defendant, its members, officers, agents, licensees, servants, employees, attorneys and all other persons in active concert or participation with them from:

>       (1)     manufacturing, importing, selling, or distributing any product or related service using Defendant's Mark, or any other designation confusingly similar to the JUICY COUTURE Mark;
>
>       (2)     advertising, displaying, or promoting any fashion apparel product or related service using Defendant's Mark, or anything confusingly similar to the JUICY COUTURE Mark;
>
>       (3)     using Defendant's Mark, or anything confusingly similar to the JUICY COUTURE Mark in or as part of a domain name, blog name or username, or on any internet site;
>
>       (4)     holding out through the use of business or trading names, domain names, or in any manner whatsoever, that Defendant, or its products or services, are in any way sponsored by, or associated or affiliated with Plaintiff or its products or services.

B.      That Defendant be required to promptly file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with any injunction issued by the Court, pursuant to 15 U.S.C. § 1116(a).

C.      That Defendant be directed to deliver up to Plaintiff for destruction the products and all other materials of any nature whatsoever bearing the Defendant's Mark, or anything confusingly similar to the JUICY COUTURE Mark, including products, packaging materials, advertising or promotional materials, or any other material bearing or containing the Defendant's Mark, pursuant to 15 U.S.C. §1118.

1211360-1

D.      That Defendant be required to make a detailed accounting to Plaintiff with respect to all transactions relating to its importation, distribution and sales of products bearing the Defendant's Mark, or anything confusingly similar to the JUICY COUTURE Mark, including: (1) its gross revenues relating to such products; and (2) its total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits.

E.      That Defendant be directed to pay over to Plaintiff all gains, profits and advantages realized by Defendant from the sales of products bearing the Defendant's Mark, or anything confusingly similar to the JUICY COUTURE Mark, pursuant to 15 U.S.C. §1117.

F.      That Defendant be directed to pay to Plaintiff all damages suffered by Plaintiff, and that such damages be trebled in accordance with the law pursuant to 15 U.S.C. §1117.

G.      Awarding Plaintiff its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

H.      That Plaintiff have such other and further relief that the Court may deem just and proper.

**Plaintiff demands a trial by jury on all claims so triable.**

Respectfully submitted,

Dated: February 18, 2011                    By:  _____
                                                 Martin J. Feinberg
                                                 Olshan Grundman Frome Rosenzweig &
                                                 Wolosky, LLP
                                                 Park Avenue Tower
                                                 65 East 55th Street
                                                 New York, New York 10002
                                                 Telephone: (212) 451-2300
                                                 Facsimile: (212) 451-2222

                                                 *Attorneys for Plaintiff, Juicy Couture, Inc.*

10

OF COUNSEL:

Kevin C. Parks
Nimita L. Parekh
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
Telephone: (312) 616-5600
Facsimile: (312) 616-5700

1211360-1

**Exhibit 1**

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,348,674

## United States Patent and Trademark Office

Registered May 9, 2000

## TRADEMARK
### PRINCIPAL REGISTER

# JUICY COUTURE

TRAVIS JEANS, INC. (CALIFORNIA CORPO-
RATION)
12970 BRANFORD STREET
ARLETA, CA 91331

FOR: WOMEN'S CLOTHING, NAMELY,
JACKETS, DRESSES, SKIRTS, SHORTS,
PANTS, SHIRTS, AND T-SHIRTS, IN CLASS 25
(U.S. CLS. 22 AND 39).

FIRST USE 6-0-1997; IN COMMERCE
6-0-1997.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COUTURE", APART FROM
THE MARK AS SHOWN.

SER. NO. 75-743,731, FILED 7-2-1999.

MARIA-VICTORIA SUAREZ, EXAMINING AT-
TORNEY

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22, and 41

United States Patent and Trademark Office

Reg. No. 2,882,279
Registered Sep. 7, 2004

## TRADEMARK
### PRINCIPAL REGISTER

## JUICY COUTURE

L.C. LICENSING, INC. (DELAWARE CORPORA-
TION)
1441 BROADWAY
NEW YORK, NY 10018

FOR: LUGGAGE, TOTE BAGS, HAND BAGS,
BEACH BAGS, ALL PURPOSE SPORT AND CARRY-
ING BAGS, UMBRELLAS, SHOULDER BAGS,
BACKPACKS, TOILETRY KITS SOLD EMPTY,
KEY CASES, LEATHER KEY CHAINS, AND WAL-
LETS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 3-0-2000; IN COMMERCE 3-0-2000.

OWNER OF U.S. REG. NOS. 2,285,232, 2,348,674,
AND 2,387,924.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COUTURE", APART FROM THE
MARK AS SHOWN.

SN 76-355,073, FILED 1-3-2002.

KARANENDRA S. CHHINA, EXAMINING ATTOR-
NEY

Int. Cls.: 14 and 25

Prior U.S. Cls.: 2, 22, 27, 28, 39, and 50

**United States Patent and Trademark Office**

Reg. No. 2,978,046

Registered July 26, 2005

## TRADEMARK
## PRINCIPAL REGISTER

## JUICY COUTURE

L.C. LICENSING, INC. (DELAWARE CORPORA-
TION)
1441 BROADWAY
NEW YORK, NY 10018

FOR: JEWELRY, CUFFLINKS, BRACELETS, PEN-
DANTS, JEWELRY PINS, EARRINGS, RINGS,
NECKLACES AND PILL BOXES, IN CLASS 14 (U.S.
CLS. 2, 27, 28 AND 50).

FIRST USE 2-0-2004; IN COMMERCE 2-0-2004.

FOR: CLOTHING, NAMELY, FOOTWEAR,
HEADWEAR, NECKTIES, SCARVES, BELTS,
SHIRTS, SWEATERS, COATS, SUITS, DRESSING
GOWNS, HATS, SOCKS, CAPS, DRESSES, BATHING
SUITS; SKIRTS, JACKETS, JOGGING SUITS,
SWEATSHIRTS, SWEATPANTS, SHORTS, JEANS,
PANTS, SHIRTS, UNDERWEAR, LINGERIE, SWIM-
WEAR, VESTS, BLOUSES, OVERALLS, TEE SHIRTS,

STOCKINGS, TIGHTS, APRONS, ROBES, PAJAMAS,
KNIT TOPS, CAMISOLES, TANK TOPS, GLOVES,
UNDERSHIRTS, TROUSERS, BLAZERS, LEG-
GINGS, PANTIES, BRAS, BUSTIERS, TEDDIES, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-0-1997; IN COMMERCE 6-0-1997.

OWNER OF U.S. REG. NO. 2,348,674.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COUTURE" FOR THE GOODS IN
CLASS 25, APART FROM THE MARK AS SHOWN.

SN 76-977,226, FILED 2-28-2002.

KARANENDRA S. CHHINA, EXAMINING ATTOR-
NEY

Int. Cls.: 9, 16, 18, and 35

Prior U.S. Cls.: 1, 2, 3, 5, 21, 22, 23, 26, 29, 36, 37, 38, 41, 50, 100, 101, and 102

Reg. No. 3,146,100

## United States Patent and Trademark Office

Registered Sep. 19, 2006

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## JUICY COUTURE

L.C. LICENSING, INC. (CALIFORNIA COR-PORATION)
1441 BROADWAY
NEW YORK, NY 10018

FOR: EYEGLASSES AND SUNGLASSES, EYE-GLASS AND SUNGLASS CASES, EYEGLASS FRAMES; SUNGLASS FRAMES, EYEGLASS AND SUNGLASS CHAINS AND CORDS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-0-2006; IN COMMERCE 2-0-2006.

FOR: CRAFT PAPER, PRINTED MATTER, NAMELY, INVITATIONS AND STATIONERY, AD-HESIVES FOR STATIONERY OR HOUSEHOLD PURPOSES, ARTISTS' MATERIALS, NAMELY, BRUSHES, PENCILS AND PENS, PENS, PENCILS, ADDRESS BOOKS, AGENDAS/DAY PLANNERS, NOTEBOOKS, STATIONERY, WRITING PAPER, DESK PADS, INK BLOTTERS, BINDERS, COMPOSI-TION BOOKS, FILE FOLDERS, PHOTO ALBUMS, ENVELOPES, INDEX BOOKS, CALENDARS, STA-TIONERY, NAMELY, NOTE JOTTERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 10-25-2005; IN COMMERCE 10-25-2005.

FOR: LEATHER AND IMITATION LEATHER GOODS NOT INCLUDED IN OTHER CLASSES, NAMELY, TRAVELLING BAGS, WALLETS, PUR-SES, POCKETBOOKS, HANDBAGS, SHOULDER BAGS, CLUTCH BAGS, TOTE BAGS, BOOK BAGS, BUSINESS, CREDIT AND NAME CARD CASES, KEY CASES, PASSPORT CASES, COSMETIC CASES SOLD EMPTY, TOILETTE CASES SOLD EMPTY, DUFFEL BAGS, UMBRELLAS, BACKPACKS; DIA-PER BAGS; VANITY CASES SOLD EMPTY, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 3-24-2004; IN COMMERCE 3-24-2004.

FOR: ONLINE RETAIL STORE SERVICES IN THE FIELD OF APPAREL, LEATHER GOODS, FASHION ACCESSORIES, JEWELRY, SHOES, COSMETICS, LUGGAGE, HOME PRODUCTS AND PERSONAL CARE PRODUCTS RENDERED THROUGH A GLO-BAL COMPUTER NETWORK; RETAIL STORE AND MAIL ORDER SERVICES FEATURING APPAREL, LEATHER GOODS, FASHION ACCESSORIES, SHOES, JEWELRY, LUGGAGE, COSMETICS, HOME PRODUCTS AND PERSONAL CARE PRODUCTS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 10-21-2004; IN COMMERCE 10-21-2004.

OWNER OF U.S. REG. NO. 2,348,674.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COUTURE" FOR THE SERVICES IN CLASS 35, APART FROM THE MARK AS SHOWN.

SN 76-978,162, FILED 2-28-2002.

KARANENDRA S. CHHINA, EXAMINING ATTOR-NEY